[Civ. No. 6314. Fifth Dist. June 17, 1981.]

DIANE MARIE GRIMES, Petitioner, v.
THE SUPERIOR COURT OF MADERA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

[Civ. No. 6316. Fifth Dist. June 17, 1981.]

BILLY FOSTER, Petitioner, v.
THE SUPERIOR COURT OF MADERA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Lester J. Gendron, Public Defender, F. Earl Bandy, Deputy Public Defender, and Cristobal Perez for Petitioners.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Eddie T. Keller and W. Scott Thorpe, Deputy Attorneys General, for Real Party in Interest.

OPINION

**FRANSON, J.**—Petitioners seek a writ of mandate directing the superior court to suppress evidence pursuant to Penal Code section 1538.5 and to set aside the information pursuant to Penal Code section 995. Petitioners are jointly charged with violating Health and Safety Code

section 11358 (cultivation of marijuana) and Penal Code section 12020, subdivision (a) (possession of a sawed-off shotgun).

The issue before this court is whether evidence seized pursuant to a search warrant should have been suppressed because the magistrate who issued the warrant was not "neutral and detached." The magistrate was the owner of the premises ordered to be searched and was also the person who advised the police to investigate the premises after he observed what he thought were marijuana plants growing thereon.

## THE FACTS

On August 31, 1980, Howard Green, Judge of the Chowchilla Judicial District, County of Madera, went to 412 Monterey Street, Chowchilla, at the request of Mrs. Weese who resides there. Mrs. Weese had advised Judge Green that she suspected marijuana was being cultivated next door at 416 Monterey on premises owned by Judge Green.

Upon Judge Green's arrival, Mrs. Weese showed him her discovery. He confirmed her suspicions and took three Polaroid pictures of the growing marijuana with Mrs. Weese's camera. He thereafter reported the crime to the police.

In response to Judge Green's report, Officer Maloney of the Chowchilla Police Department went to Monterey Street and was directed by Judge Green to observe the growing marijuana. Officer Maloney made an independent determination that marijuana was growing on the premises at 416 Monterey.

Judge Green gave Officer Maloney the three pictures that he had previously taken and told him the ball was in his court. Judge Green later signed a search warrant based on the affidavit of Officer Maloney. The warrant was served on August 31, 1980, at 416 Monterey Street, Chowchilla. The marijuana plants and a sawed-off shotgun were seized pursuant to the warrant.

## DISCUSSION

In *Coolidge v. New Hampshire* (1971) 403 U.S. 443 [29 L.Ed.2d 564, 91 S.Ct. 2022], the United States Supreme Court ruled that a magistrate's involvement with the investigative or prosecutorial arm of

law enforcement may preclude him from comporting with the spirit of the Fourth Amendment's requirement that search warrants shall issue only after probable cause has been found by a "neutral and detached magistrate." In *Coolidge* the magistrate who issued the warrant was the state attorney general acting as a justice of the peace. The attorney general had been in charge of the investigation and was later to be chief prosecutor at trial. (*Id.*, at pp. 446-447, 450 [29 L.Ed.2d at pp. 571, 573].) The Supreme Court invalidated the warrant because "prosecutors and policemen simply cannot be asked to maintain the requisite neutrality with regard to their own investigations—the 'competitive enterprise' that must rightly engage their single minded attention." (*Id.*, at p. 450 [29 L.Ed.2d at p. 573].)

*Coolidge* rejected the state's argument that the search could be upheld on the basis that the issuing magistrate did *in fact* act in a neutral and detached manner. The court invoked a per se rule of disqualification. It also rejected the argument that the magistrate's lack of neutrality was irrelevant because the showing of probable cause was so strong that any magistrate would have issued a warrant based upon that showing. (*Id.*, at pp. 450-451 [29 L.Ed.2d at pp. 573-574].)

■ Thus, *Coolidge* stands for the proposition that in determining whether the magistrate is "neutral and detached" for Fourth Amendment purposes, primary importance is placed on the objective external circumstances and how they could be expected to influence a magistrate's decision whether to issue a warrant and not on the subjective state of mind of the particular magistrate. (See also *Connally* v. *Georgia* (1977) 429 U.S. 245 [50 L.Ed.2d 444, 97 S.Ct. 546]; *Lo-Ji Sales, Inc.* v. *New York* (1979) 442 U.S. 319 [60 L.Ed.2d 920, 99 S.Ct. 2319].)

■ In the present case, Judge Green was the owner of the premises to be searched and the landlord to the suspects. He personally investigated the suspected marijuana cultivation by visiting the premises and taking Polaroid photographs. Judge Green was also listed in Officer Maloney's affidavit as an official source of the information which triggered the police investigation; thus, in issuing the warrant Judge Green ruled upon his own credibility.

Although the judge was acting as a conscientious citizen in investigating a suspected marijuana violation, he should have disqualified

himself from issuing the search warrant because the appearance of justice was not well served by his actions. As has been cogently stated by the California Supreme Court: "It is essential that the public have absolute confidence in the integrity and impartiality of our system of criminal justice. This requires that public officials not only in fact properly discharge their responsibilities but also that such officials avoid, as much as is possible, the *appearance* of impropriety." (Italics original, *People* v. *Rhodes* (1974) 12 Cal.3d 180 at p. 185 [115 Cal.Rptr. 235, 524 P.2d 363].)

The trial court should have granted petitioner's motion to suppress the marijuana plants and the sawed-off shotgun seized at the premises at 416 Monterey Street, Chowchilla, California.

■ We turn now to the question whether denial of the section 995 motion was error. Apart from the evidence seized pursuant to the invalid warrant, there was sufficient evidence presented at the preliminary hearing to hold petitioners to answer on the charge of cultivating marijuana. Judge Green testified that before the search warrant was issued, he was invited to enter the back yard adjacent to petitioners' residence and from that vantage point he looked through the open fence and saw on the property where petitioners lived what appeared to be about 15 marijuana plants. Judge Green explained that in his years as a judge he had gained a certain amount of expertise in identifying marijuana; he estimated that he had seen marijuana plants about 50 times. The plants Judge Green observed were growing in containers approximately 18 inches from the fence. Judge Green also took three Polaroid pictures of the plants through an opening in the fence. He never entered the subject property and only viewed the plants from the adjoining parcel where he had permission to be. Thus, the judge's investigative activities did not constitute an illegal search because he saw the marijuana in plain view from a place where he had a right to be. (Cf. *People* v. *Lovelace* (1981) 116 Cal.App.3d 541 [172 Cal.Rptr. 65] and cases cited therein.) We conclude, therefore, that the Penal Code section 995 motion to dismiss the marijuana cultivation charge was properly denied.

Let a peremptory writ of mandate issue directing the Superior Court of Madera County to vacate its order entered in action No. 5173 denying the petitioners' motions to suppress evidence and to set aside the information; the court is directed to enter a new order granting the motion of both petitioners to suppress evidence and granting the motion of both petitioners to set aside count II of the information (possession of a

sawed-off shotgun), but denying the motion to set aside count I (marijuana cultivation).

Brown (G. A.), P. J., and Hanson (P. D.), J., concurred.